IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN MYERS | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 17-3509 |
| STATE FARM MUTUAL AUTOMOBILE | : |
| INSURANCE COMPANY | : |

**MEMORANDUM**

**SURRICK, J.**                                                                                          **AUGUST 21, 2017**

Presently before the Court is Plaintiff's Motion to Remand. (ECF No. 4.) For the following reasons, Plaintiff's Motion will be denied.

**I.     BACKGROUND**

On September 2, 2015, Plaintiff Kathleen Meyers suffered serious injuries as a result of an automobile accident with an underinsured motorist. The underinsured motorist was determined to be at fault, and the underinsured motorist's insurance company provided Plaintiff the maximum liability coverage, in the amount of $15,000. (Compl. ¶ 9, Notice of Removal Ex. A, ECF No. 1.) Plaintiff suffered harm in excess of $15,000, and therefore filed a claim for underinsured motorist benefits with her insurance provider, Defendant State Farm Mutual Automobile Insurance Company. (*Id*. ¶ 11.) Defendant denied Plaintiff's claim for underinsured motorist benefits. (*Id*. ¶ 12.) Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County, asserting two claims against Defendant: recovery of the underinsured motorist benefits (Count I), and bad faith pursuant to 42 Pa. C.S.A. § 8371 (Count II).

On August 4, 2017, Defendant removed the case to this Court. Defendant asserts that this Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332. On August 10, 2017, Plaintiff filed the instant Motion to Remand and Answer to Defendant's Notice of Removal.

(Mot. to Remand, ECF No. 4.) On August 11, 2017, Defendant filed a Response and Memorandum in Opposition to Plaintiff's Motion. (ECF No. 7.)

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant may remove a civil action to a district court in cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

## III. DISCUSSION

Plaintiff argues that this case does not meet the amount in controversy requirement because she seeks less than $75,000 in damages. Plaintiff contends that although the Complaint seeks damages "in [an] amount greater than $50,000," the actual amount in controversy "while potentially greater than $50,000, is less than $75,000." (Mot. to Remand 3.) Defendant argues that a reasonable reading of the Complaint demonstrates that Plaintiff seeks to recover at least $100,000 in damages. Defendant contends that the amount in controversy requirement is met "based upon the aggregate amount of Plaintiff's claims against State Farm in excess of $100,000 plus attorney's fees and punitive damages since each Count (I-II) states a district [sic] cause of action against State Farm." (Notice of Removal ¶ 8.)

In determining whether a case meets the amount in controversy requirement, the Third Circuit has held that "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (citations omitted). A district court must "properly ma[ke] an independent appraisal of the value of the claim" based on the allegations in the complaint, if "the complaint does not limit its request for damages to a precise monetary amount." *Id.*; *see also Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004) ("In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court."). A district court must remand a case to state court "if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (emphasis in original); *see also Samuel-Bassett*, 357 F.3d 397 ("[T]he rule for determining whether the case involves the requisite amount as whether from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . ." (citation and internal quotation marks omitted)).

Here, Plaintiff did not limit the amount of damages in the Complaint to less than $75,000. Rather, Plaintiff did not allege that the amount in controversy is less than $75,000 until she filed her response to the Notice of Removal and her Motion to Remand. As the case law requires, we will only consider the value of her claims based on the allegations in the Complaint.[1]

---

[1] In *Angus*, 989 F.2d at 145, the Third Circuit held that "a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor." The Third Circuit held that the plaintiff's post-removal allegations "ha[d] no legal significance," and instead, the Court "consider[ed] only the amount in controversy as alleged in [the plaintiff's] complaint." *Id.*; *see also Lock-Horev v. K-Mart No. 7293*, No. 14-6603, 2015 WL 4886429, at *2 (E.D. Pa. Aug. 17, 2015) ("When the damages claimed in a plaintiff's complaint meet the amount in controversy requirement (*i.e.*, over $75,000), but the plaintiff asserts after removal, without defendant's agreement, that the damages are less than

3

In her Complaint, Plaintiff alleges that she was struck by an underinsured motorist, and that she suffered serious bodily injuries as a result of the collision. (Compl. ¶ 5.) These injuries include:

> serious injuries in and about her head, body and extremities including, but not limited to, injuries to her neck including left herniated disc at C6-7, cervical radiculopathy, left shoulder, left side of body, left arm pain and numbness, mid-back pain and a severe shock to her nerves and nervous system some or all injuries of which are or may be permanent. Plaintiff has suffered and may continue to suffer great physical pain, serious and permanent injury and mental anguish; Plaintiff has been and may continue to be prevented from attending to Plaintiff's usual activities, duties and occupations and has suffered and may continue to suffer a loss of earnings and earning capacity and Plaintiff has incurred and may continue to incur various medical expenses in and about an effort to cure Plaintiff of the aforesaid injuries, which expenses may exceed the minimum medical benefits and income loss benefits as defined by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq*.

(*Id*. ¶ 8.) In addition, Plaintiff's Complaint states that "[t]he underinsured motorist coverage applicable to Plaintiff's claim in this matter is $25,000/$50,000." (*Id*. ¶ 3.) In Count I, Plaintiff seeks damages "in a sum in excess of Fifty Thousand Dollars" for recovery of the underinsured motorist benefits. (*Id*. ¶ 13.) In addition to the underinsured motorist benefits, Plaintiff also seeks damages in Count II pursuant to her bad faith claim "in a sum in excess of Fifty Thousand Dollars." (*Id*. ¶ 21.)

Based upon an independent appraisal of the allegations in these two counts, we can determine to a legal certainty that Plaintiff can recover damages well in excess of $75,000.

---

$75,000, obviously to avoid federal jurisdiction, the Third Circuit has instructed that courts may ignore the plaintiff's asserted limitation to an amount less than $75,000." (citations omitted)); *Bailey v. J.B. Hunt Transp., Inc.*, No. 06-240, 2007 WL 764286, at *3 n.7 (E.D. Pa. Mar. 8, 2007) ("[I]t is clear that a plaintiff may not, after removal, defeat federal jurisdiction by amending his or her pleadings or filing a stipulation to reduce the amount of damages originally sought." (citations omitted)). Therefore, since Plaintiff attempts to limit damages in the Motion to Remand, rather than in the Complaint, we will not consider this limitation in our analysis.

Plaintiff's Complaint undoubtedly satisfies the amount in controversy requirement. Accordingly, we have jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand will be denied.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**