IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN MYERS | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 17-3509 |
| STATE FARM MUTUAL AUTOMOBILE | : |
| INSURANCE COMPANY | : |

**MEMORANDUM**

**SURRICK, J.**                                                        **SEPTEMBER 6, 2017**

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Allegations of Bad Faith from Plaintiff's Complaint pursuant to Rule 12(b)(6). (ECF No. 5.) For the following reasons, Defendant's Motion will be granted.

**I. BACKGROUND**

This action arises from an underinsured motorist claim filed by Plaintiff Kathleen Myers with her insurer, Defendant State Farm Mutual Automobile Insurance Company. Plaintiff asserts one count against Defendant alleging breach of contract for the denial of Plaintiff's claim and one count alleging that Defendant acted in bad faith as defined under 42 Pa. Cons. Stat. § 8371.

**A. Factual Background**[1]

Plaintiff's Complaint alleges that on September 2, 2015, Plaintiff suffered serious injuries as a result of a car accident with an underinsured motorist. (Compl. ¶ 8, Notice of Removal Ex. A, ECF No. 1.) The underinsured motorist was determined to be at fault in causing the accident, and the underinsured motorist's insurance company provided Plaintiff with the maximum liability coverage available of $15,000. (*Id.* ¶¶ 6, 9-10.) Plaintiff alleges that she suffered harm

---

[1] For the purpose of this Motion, the factual allegations in Plaintiff's Complaint are taken as true. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

in excess of $15,000. She therefore filed a claim for underinsured motorist benefits with Defendant. (*Id*. ¶ 11.) Defendant denied Plaintiff's claim. (*Id*. ¶ 12.)

Count One of Plaintiff's Complaint alleges breach of contract asserting that Plaintiff is entitled to recover underinsured motorist benefits from Defendant. (*Id*. ¶ 13.) Count Two of Plaintiff's Complaint alleges that in handling Plaintiff's underinsured motorist claim, Defendant acted in bad faith as provided in 42 Pa. Cons. Stat. § 8371. (*Id*. ¶ 15-21.) With respect to Count Two, Plaintiff specifically alleges that Defendant failed to act with "reasonable promptness in evaluating and responding to Plaintiff's claim," failed to act with "reasonable fairness in the offers [Defendant] made to Plaintiff," "fail[ed] to negotiate Plaintiff's underinsurance claim," "fail[ed] to properly investigate and evaluate Plaintiff's underinsurance claim," and "failed to promptly request that Plaintiff submit to a defense medical examination." (*Id*. ¶ 17-18.) Defendant seeks dismissal of the bad faith claim.

### B.  Procedural History

On July 14, 2017, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County. On August 4, 2017, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.) On August 10, 2017, Plaintiff filed an Answer to the Notice of Removal and a Motion to Remand. (ECF No. 4.) On August 10, 2017, Defendant filed the instant Motion to Dismiss. (MTD, ECF No. 5.) On August 11, 2017, Defendant filed a Response in Opposition to Plaintiff's Motion to Remand. (Def. Resp. ECF No. 7.) On August 18, 2017, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss. (Pl.'s Resp., ECF No. 8.) On August 21, 2017, a Memorandum and Order were filed denying Plaintiff's Motion to Remand. (ECF No. 9, 10.) On August 22, 2017, Defendant filed a Reply in Support of its Motion to Dismiss. (Def. Rep. Br., ECF No. 11.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis. *Fowler*, 578 F.3d at 210. First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true. *Id.* at 210-11. Next, courts

determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Given the nature of the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## III. DISCUSSION

### A. Bad Faith

In order to prevail on a claim of bad faith under 42 Pa. Cons. Stat. § 8371, Plaintiff must show by clear and convincing evidence that (1) the insurer lacked a reasonable basis for denying benefits under the insured's policy, and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis. *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (citation omitted). Mere negligence or bad judgment does not rise to the level of bad faith. *Id*. Rather, it is the unreasonable and intentional or reckless denial of benefits which is the essence of a bad faith claim. *Allen v. State Farm Mut. Auto. Ins. Co.*, No. 17-7367, 2015 U.S. Dist. LEXIS 30339, at *5 (E.D. Pa. Mar. 11, 2015) (internal citations omitted). To survive a motion to dismiss, Plaintiff's complaint must include factual allegations from which the Court may plausibly infer the unreasonable and intentional or reckless denial of benefits. *Id.* at *6-7.

Defendant contends that Plaintiff has failed to state a claim for bad faith because her allegations are legal conclusions without any facts or documentation of actual bad faith conduct. Plaintiff argues that what Defendant calls conclusions are indeed specific factual allegations in support of a bad faith claim and restates those allegations from her Complaint.

4

Courts in this Circuit have consistently dismissed bad faith claims where the complaint lacks factual allegations of bad faith conduct and instead contains only conclusory allegations. For example, in *Smith v. State Farm Mut. Auto. Ins. Co.*, the Third Circuit held that a complaint alleging bad faith under § 8371 was legally insufficient because it did not contain any explanations or descriptions of the alleged bad faith conduct. 506 F. App'x at *136-37. The plaintiff in *Smith* alleged that the defendant insurer had "engaged in unfair settlement negotiations," "misrepresented facts" about the plaintiff's insurance policy, and "failed to properly investigate" the plaintiff's underinsured motorist claim. *Id.* (quotations omitted). In upholding the trial court's dismissal of the bad faith claim, the Third Circuit explained that while the complaint was "replete with broad and conclusory statements" of bad faith conduct, those statements were unsupported by any factual allegations. *Id*. at *136. The Court noted that the complaint did not explain how the negotiations were unfair, did not describe what misrepresentations were actually made by the defendant, and did not provide any details as to how the defendant failed to properly investigate the claim. *Id.* at *136-37. The plaintiff's complaint therefore failed to allege a legally sufficient cause of action for bad faith. *Id.*; *see also Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-0077, 2015 U.S. Dist. LEXIS 69318 at *11-13 (E.D. Pa. May 28, 2015) (summarizing the relevant case law and holding that a list of conclusory allegations of bad faith unsupported by specific facts does not allow for a plausible inference of bad faith); *Allen v. State Farm Mut. Auto. Ins. Co.*, No. 17-7367, 2015 U.S. Dist. LEXIS 30339, at *5-8 (E.D. Pa. March 11, 2015) (same).

Here, Plaintiff's Complaint similarly lacks sufficient factual allegations to allow her bad faith claim to survive a motion to dismiss. Plaintiff claims, *inter alia*, that Defendant "fail[ed] to properly investigate" her underinsurance claim and failed to make "reasonable … offers" on the

5

claim. (Compl. ¶¶ 17-18.) Like the complaint in *Smith*, Plaintiff's Complaint is long on conclusions regarding Defendant's conduct, but it fails to set forth any explanations or descriptions of what Defendant actually did. There is no explanation of *how* Defendant failed to properly investigate the claim, nor are there any details on *why* the offers were unreasonable. In addition, Plaintiff alleges that Defendant failed to act with "reasonable promptness" in evaluating her claim. However, other than alleging the date that she filed the claim, Plaintiff mentions no dates of correspondence or any other contact with Defendant.

Plaintiff's Complaint does allege that she was seriously injured in a car accident by an underinsured motorist, that she filed a claim with Defendant pursuant to her underinsured motorist coverage policy, and that Defendant has denied the claim. (Compl. ¶¶ 1-12.) We cannot plausibly infer from those facts that Defendant acted unreasonably and intentionally or recklessly in denying benefits to Plaintiff, *i.e.*, acted in bad faith under § 8371.

We recognize the inherent difficulty of pleading sufficient factual allegations of bad faith in a case such as this. At this stage of the litigation, before discovery, a plaintiff can only point to the few and sporadic interactions she has had with her insurance provider as facts to support a claim of bad faith. However, determination of a Rule 12(b)(6) motion is a "context-specific task." *Iqbal*, 556 U.S. at 679. In this context, plaintiffs claiming bad faith may simply have to allege the limited facts of which they are aware, including but not limited to: the nature of the correspondence with the insurance company; details of how the negotiations, if any, proceeded; and more detailed allegations supporting claims of injury necessitating benefits.

Without more than is presently alleged here, Plaintiff's bad faith claim under § 8371 does not satisfy the pleading standard required by *Twombly*, *Iqbal*, and *Fowler*. Accordingly, Defendant's Motion to Dismiss the bad faith claim will be granted without prejudice and with

leave to amend. Plaintiff shall have twenty days from the date of the attached order to file an amended complaint properly setting forth a factual basis for her bad faith claim against Defendant.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss will be granted.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**